# EXHIBIT "1"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.      CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Francisco Leon</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Apple Inc</u>
 Defendant

    **II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☒ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

    **III.    TYPE OF CASE**     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
   ☐ Residential Evictions
   ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   4

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.
   No

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd             Fla. Bar # 188239
          Attorney or party                          (Bar # if attorney)

Peter M Hoogerwoerd                        09/21/2021
(type or print name)                        Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO. 2021-021591-CA-01

FRANCISCO LEON,

    Plaintiff,

vs.

APPLE, INC. d/b/a APPLE STORE,
a Foreign Profit Company

    Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO: APPLE, INC. d/b/a APPLE STORE**, through its Registered Agent:

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    200 E. GAINES ST.
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts
CLERK 217043

_(signature)_
(BY) DEPUTY CLERK

10/4/2021
DATE

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

**FRANCISCO LEON,**

    **Plaintiff,**

v.                                                                   Case No.

**APPLE INC. d/b/a APPLE STORE,**
a Foreign Profit Corporation,

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, **FRANCISCO LEON** ("Plaintiff"), by and through the undersigned counsel, hereby sues **APPLE INC. d/b/a APPLE STORE** ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"); and the Family and Medical Leave Act ("FMLA") to redress injuries resulting from Defendant's unlawful disability based discriminatory treatment against Plaintiff.

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA and the FMLA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for the purposes of the FCRA and the FMLA.

4. Plaintiff was employed by APPLE INC. d/b/a APPLE STORE having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant was a "person" and/or an "employer" pursuant to the Family and Medical Leave Act of 1993, since it employs fifty (50) or more employees for the applicable statutory period.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the FMLA.

7. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

8. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. Defendant was a "person" and/or an "employer" pursuant to the FCRA since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

10. At all times material· hereto, Plaintiff was an "employee" within the meaning of the the FCRA is subject to the employment discrimination provisions of the applicable statutes.

11. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

12. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

13. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff worked for Defendant on or about July 7, 2017, until on or about April 12, 2019 as a Specialist.

15. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of his job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

16. Plaintiff suffers from a psychological condition. Specifically, he has panic attacks, depression, and anxiety. Plaintiff was diagnosed prior to his employment by Defendant.

17. During his employment as a Specialist, Plaintiff successfully sold the Defendant's merchandise.

18. On or about December 8, 2018, Plaintiff passed out in the store due to his mental health condition and the stress that he was under.

19. EMS responded to Plaintiff's emergency and Plaintiff was admitted to Aventura Hospital. Plaintiff was discharged from the hospital the same day.

20. Upon Plaintiff's return to work, he was made to feel that he was not part of the Apple Team, which caused him to enter a deep depression. His depression is based on specific incidents such as the refusal of Defendant's Connection Leaders to accommodate Plaintiff when Plaintiff asked for help.

3

21. Supervisors Karen and Hiram suggested that Plaintiff contact Defendant's Comp Site, which is therapy over the phone.

22. Subsequently, Plaintiff contacted the Human Resources Department. HR suggested that Plaintiff contact the company's Third-Party Administrator, Sedgewick, which placed Plaintiff on FMLA.

23. On or about January or February 2019, Plaintiff began to go to therapy.

24. During the time Plaintiff was going to therapy, he went to one of his Connection Leaders, Hiram. Plaintiff told Hiram they needed to talk about Plaintiff's concerns. Hiram ignored Plaintiff and did not take the time to listen to the Plaintiff because Hiram felt bothered by Plaintiff's request. In contrast, other non-disabled employees were not treated unfairly. For example, Hiram made time to speak with Feli Miguel, a co-worker of the Plaintiff, and Hiram granted the accommodations she requested.

25. After Plaintiff's prior complaint to HR, Defendant sent HR Investigator, Steve Halter to perform an internal investigation. Plaintiff spoke with the investigator and Plaintiff found out that he was due to be terminated on or about January 2019.

26. Despite Plaintiff being out on medical leave, which had been granted by Defendant and Sedgwick, Defendant terminated Plaintiff on or about April 12, 2019.

27. Plaintiff was discharged due to discrimination based on disability or perceived disability

28. Defendant's reason(s) for terminating Plaintiff is a mere pretext for unlawful discrimination.

29. Plaintiff always performed his essential job functions in an exemplary fashion.

30. Plaintiff was terminated due to his disability.

## COUNT I
### *Disability Discrimination in Violation of the FCRA against APPLE INC.*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. Plaintiff has a physical disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

33. Plaintiff was regarded as having a disability by Defendant and Defendant's agents.

34. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

35. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a psychological condition.

36. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

37. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

38. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

39. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

40. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

41. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

42. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

43. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

44. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Failure to Accommodate in Violation of the Florida Civil Rights Act

45. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

46. Plaintiff is disabled as he suffers from a psychological condition which is an impairment which substantially modifies one or more major life activities; to wit: mental health.

47. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a Specialist with or without a proposed reasonable accommodation.

48. Plaintiff is a handicapped individual and therefore covered by the Florida Civil Rights Act.

7

49. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation. Plaintiff s request was reasonable and would not have caused Defendant undue hardship.

50. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff s rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
***Interference with Rights under the FMLA Against APPLE INC.***

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this Complaint as if set out in full herein.

52. Plaintiff was eligible for FMLA leave.

53. Plaintiff applied and was approved for leave under the FMLA.

54. Under the FMLA, Plaintiff had the right to take leave or intermittent leave and be restored to his former position or its equivalent.

55. However, while on leave, Defendant ignored Plaintiff's requests and subsequently terminated Plaintiff.

56. Thereafter, Plaintiff was not allowed to be reinstated to his previous position of employment with Defendant.

57. When Defendant terminated Plaintiff, Defendant interfered with Plaintiff's right to take FMLA leave and to return to his position (or its equivalent) and thus violated the FMLA.

58. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

59. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation under the FMLA against APPLE INC.*

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this Complaint as if set out in full herein.

61. Plaintiff is an individual entitled to protection under the FMLA.

62. Plaintiff is an employee within the meaning of the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for leave due to suffering a serious health condition. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

63. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

64. Plaintiff gave Defendant sufficient notice of his need for leave under FMLA. Such leave was approved by Defendant.

65. Plaintiff then did take leave.

66. When Plaintiff returned from leave, Plaintiff was terminated.

67. The fact that Plaintiff took leave was a "protected activity" under the FMLA.

68. Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

69. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

70. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

71. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: September 21, 2021              Respectfully submitted,

/s/:*Peter M. Hoogerwoerd*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Cristobal Bobadilla-Gamboa
Fla. Bar. No. 113656
cbg@rgpattorneys.com
***Remer & Georges-Pierre, PLLC***
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile



Contact Us    My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**FRANCISCO LEON VS APPLE INC**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2021-021591-CA-01 | **Filing Date:** | 09/21/2021 |
| **State Case Number:** | 132021CA021591000001 | **Judicial Section:** | CA22 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

## Parties — Total Of Parties: 3

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Leon, Francisco | B#: (Bar Number) 188239<br>N: (Attorney Name) Hoogerwoerd, Peter | |
| Defendant | Apple Inc | | |
| Defendant AKA | Apple Store | | |

## Hearing Details — Total Of Hearings: 0

## Dockets — Total Of Dockets: 7

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 6 | 10/05/2021 | | Receipt: | Event | RECEIPT#:3040092 AMT PAID:$10.00 NAME:HOOGERWOERD, PETER 44 W FLAGLER ST FL 22 MIAMI FL 33130-1808 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:10/05/2021 REGISTER#:304 CASHIER:EFILINGUSER |
| | 10/04/2021 | | 20 Day Summons Issued | Service | |
| 5 | 10/04/2021 | | ESummons 20 Day Issued | Event | RE: INDEX # 4.<br>Parties: Apple Inc |
| 4 | 09/30/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 3 | 09/23/2021 | | Receipt: | Event | RECEIPT#:2990031 AMT PAID:$401.00 NAME:HOOGERWOERD, PETER 44 W FLAGLER ST FL 22 MIAMI FL 33130-1808 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:09/23/2021 REGISTER#:299 CASHIER:EFILINGUSER |



| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 2 | 09/21/2021 | | Complaint | Event | |
| 📄 | 1 | 09/21/2021 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



### HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.



